UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

PELEGE BREVIL,

       Petitioner,

  -v-                                                                         No. 17 CV 1529-LTS-GWG

KENNETH T. JONES et al.,

       Respondents.

-------------------------------------------------------x

<u>MEMORANDUM OPINION AND ORDER</u>

        Pelege Brevil files this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Docket entry no. 1, the "Petition.") The Court has jurisdiction of this petition pursuant to 28 U.S.C. § 1331 and § 2241. In his Petition filed <u>pro se</u> on February 27, 2017, Brevil argues primarily that his continued detention violates his due process rights, and that he is entitled to a bond hearing pursuant to <u>Lora v. Shanahan</u>, 804 F.3d 601 (2d Cir. 2015). On January 23, 2018, Magistrate Judge Gabriel Gorenstein issued a Report and Recommendation in which he recommended that the Petition be granted, and that Brevil be given a bond hearing in accordance with <u>Lora</u>. (Docket entry no. 23, the "Report.") On February 16, 2018, Respondents filed an objection to the Report. (Docket entry no. 26, the "Objection.") On March 5, 2018, the Supreme Court of the United States vacated the judgment in <u>Lora</u> and remanded <u>Lora</u> to the Second Circuit for further consideration in light of its February 27, 2018, decision in <u>Jennings v. Rodriguez</u>, 138 S. Ct. 830 (2018). <u>Shanahan v. Lora</u>, 138 S. Ct. 1260 (2018). On remand, the Second Circuit dismissed <u>Lora</u> as moot because the petitioner in that case had been granted

cancellation of removal.  Lora v. Shanahan, 719 F. App'x 79, 80 (2d Cir. 2018).  On March 1, 2018, May 25, 2018, and August 8, 2018, the Court issued orders directing counsel to submit supplemental briefing in this case in light of Jennings.  (See docket entry nos. 28, 44, 47.)  The Court has reviewed carefully all of the parties' submissions in connection with the instant Petition and, for the reasons that follow, the Petition is granted in part and denied in part, the Objection is overruled, and the Report is adopted in part and rejected in part, as set forth below.

BACKGROUND

The Court adopts the factual recitation set forth in the Report, to which neither party has objected.  (Report at 1-8.)  The pertinent, undisputed facts of this case may be summarized as follows.  Brevil is a citizen of Haiti who first arrived to the United States in January 2003 when he was approximately eleven years old.  (Id. at 1.)  Brevil originally entered on a non-immigrant visa that was valid for no longer than six months.  (Id. at 2.)  Brevil overstayed his visa, but in 2010 obtained Temporary Protected Status under the Immigration and Nationality Act.  (Id.)  In June 2012, Brevil was arrested and charged with committing a Criminal Sexual Act in the Second Degree, a class D felony in New York.  (Id.)  In September 2013, Brevil's application to renew his Temporary Protected Status was denied.  (Id.)  Brevil was arrested again on April 23, 2015, and August 21, 2015, for misdemeanor Sexual Misconduct and misdemeanor Assault with Intent to Cause Physical Injury, respectively.  (Id. at 3.)

On August 31, 2015, ICE detained Brevil and commenced removal proceedings.  (Id.)  On December 30, 2015, four months after he was detained, Brevil received a bond hearing before an immigration judge.[1]  (Id. at 4.)  At the bond hearing, the immigration judge determined

---

[1] In its September 17, 2018, supplemental memorandum, the Government informed the Court that Brevil's initial bond hearing took place on November 30, 2015, but was continued to December 30, 2015, to allow Brevil's counsel additional time to submit

that Brevil was detained pursuant to 8 U.S.C. § 1226(a), and found that Brevil had failed to prove by clear and convincing evidence that he was neither a flight risk nor a danger to the community. (Id.) Brevil did not appeal the immigration judge's decision and has not sought a custody redetermination hearing since December 30, 2015. (Id. at 5.)

On May 16, 2016, an immigration judge ordered Brevil removed to Haiti. (Id.) Brevil timely appealed that removal order to the Board of Immigration Appeals ("BIA"), which dismissed his appeal on October 28, 2016. (Id.) On December 9, 2016, Brevil filed a petition for review ("PFR") in the Second Circuit and simultaneously moved for a stay of removal. (Id. at 6.) Shortly thereafter, ICE cancelled its plans to remove Brevil from the United States in compliance with its forbearance policy. (Id.) On December 29, 2017, the Government informed the Second Circuit that it would not forbear Brevil's removal after January 8, 2018. (Id. at 7.) The Second Circuit granted a stay of removal on January 9, 2018. (Id.) Brevil's PFR remains pending before the Second Circuit. To date, Brevil has been detained for over three years.

## DISCUSSION

When reviewing a Report and Recommendation, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C) (LexisNexis 2017). The Court must make a de novo determination to the extent that a party makes specific objections to a magistrate's findings. See 28 U.S.C. § 636(b)(1)(C). In light of the intervening change in the law as a result of the Supreme Court's decisions in Jennings, the Court has, in the interest of judicial efficiency and fairness, also considered the parties' constitutional due process arguments, which have been fully briefed

---

evidence. (See docket entry no. 52 at 2.) Unless otherwise specified, all references to Brevil's "bond hearing" in this Memorandum Opinion and Order include both the November and December 2015 bond hearings.

through supplemental briefing ordered by the Court. See Wells Fargo Bank N.A. v. Sinnott, 2010 WL 297830, at *4 (D. Vt. Jan. 19, 2010) (applying multi-factor test to determine whether consideration of new legal arguments is appropriate at the objection stage).

Because Lora is no longer binding authority, the Court declines to adopt the Report to the extent it concludes that Brevil was entitled to a bail hearing in accordance with Lora, and denies Brevil's Petition to the extent it argues the same. The Court next considers Respondents' objection that Brevil should not be excused from exhausting his administrative remedies to challenge the immigration judge's bond determination, and Brevil's argument that his continued detention violates his due process rights.[2]

Exhaustion of Administrative Remedies

Respondents argue that Brevil did not exhaust his administrative remedies in that he failed to appeal the immigration judge's bond determination to the BIA, and because he did not seek a bond redetermination hearing pursuant to 8 C.F.R. § 1003.19(e). The parties agree that "there is no statutory requirement that a habeas petitioner exhaust his administrative

---

[2] Respondents also argue that the Report is incorrect to the extent that it suggests that Brevil's detention was governed by 8 U.S.C. § 1226(a) during the time period between December 9, 2016, when Brevil filed his PFR, and January 9, 2018, when the Second Circuit granted a stay of removal. Instead, Respondents argue, Brevil's detention during that period was governed by 8 U.S.C. § 1231, because the Second Circuit had not yet granted a stay of removal. Brevil contends that no such order from the Second Circuit was necessary in light of the government's longstanding forbearance policy, which automatically shifts the authority for Brevil's detention from § 1231 to § 1226 upon his filing of a PFR. Because the Court reviews Brevil's habeas petition after the Second Circuit has issued a stay of removal, and because the parties agree that Brevil is currently detained pursuant to § 1226(a), the Court declines to determine which statutory provision governed Brevil's detention for the time period between December 9, 2016, and January 9, 2018. Accordingly, the Court declines to adopt Judge Gorenstein's Report to the extent it concludes that Brevil's detention from December 9, 2016, and January 9, 2018, was governed by § 1226(a).

remedies before challenging his immigration detention." Araujo-Cortes v. Shanahan, 35 F. Supp. 3d 533, 538 (S.D.N.Y. 2014). Nonetheless, Respondents urge that exhaustion be required as a prudential matter. The Second Circuit has explained that the purposes of prudential exhaustion include "protecting the authority of administrative agencies, limiting interference in agency affairs, developing the factual record to make judicial review more efficient, and resolving issues to render judicial review unnecessary." Beharry v. Ashcroft, 329 F.3d 51, 62 (2d Cir. 2003). However, "courts may waive a judicially created exhaustion requirement where pursuing administrative remedies would be futile or where the agency has predetermined the issue before it," because, under those circumstances, the purposes behind the administrative exhaustion requirement are no longer served. Araujo-Cortes, 35 F. Supp. 3d at 538-39.

Here, as the Report correctly notes, appeal of the immigration judge's bond determination to the BIA would have been futile because Brevil challenges the constitutionality of the burden of proof applicable to that hearing, and the BIA had already determined that "[t]he burden is on the alien to show to the satisfaction of the Immigration Judge that he or she merits release on bond." In re Guerra, 24 I. & N. Dec. 37, 40 (BIA 2006); see also 8 C.F.R. § 1236.1(c)(8). The same burden of proof would also apply to a bond redetermination hearing pursuant to 8 C.F.R. § 1003.19(e), and thus Brevil's failure to pursue a redetermination hearing is also excused because it would be futile.

In their Objection, Respondents cite numerous cases in which courts in this district have imposed exhaustion requirements in the context of challenges to immigration bond determinations. The decisions cited by Respondents are unpersuasive however because, unlike Brevil, the petitioners in those cases challenged the immigration judge's application of a legal standard, not the constitutional sufficiency of the standard itself. See, e.g., Bogle v. DuBois, 236

F. Supp. 3d 820, 823 (S.D.N.Y. 2017) (requiring exhaustion where petitioner claimed the immigration judge improperly applied the standard of review); Cepeda v. Shanahan, 2016 WL 3144394, at *2 (S.D.N.Y. Apr. 22, 2016) (same); Palaniandi v. Jones, 2016 WL 1459607, at *1-2 (S.D.N.Y. Mar. 10, 2016) (same); Paz Nativi v. Shanahan, 2017 WL 281751, at *2-3 (S.D.N.Y. Jan. 23, 2017) (requiring exhaustion where petitioner claimed immigration judge failed to consider petitioner's ability to pay); Herrera v. Mechkowski, 2016 WL 595999, at *1 (S.D.N.Y. Feb. 11, 2016) (requiring exhaustion where petitioner claimed immigration judge failed to make an individualized determination regarding petitioner's risk of flight or danger to the community); Molina Posadas v. Shanahan, 2016 WL 146556 (S.D.N.Y. Jan. 12, 2016) (same). Respondents also cite two Ninth Circuit decisions which hold generally that aliens detained under 8 U.S.C. § 1226(a) must exhaust their administrative remedies by appealing bond determinations to the BIA before seeking habeas relief. See Leonardo v. Crawford, 646 F.3d 1157 (9th Cir. 2011); Rojas-Garcia v. Ashcroft, 339 F.3d 814, 819 (9th Cir. 2003). Because no argument was made in either case that review by the BIA would be futile, these decisions do not persuade the Court that exhaustion should be required here.[3] Accordingly, the Court adopts the Report to the extent it concludes that Brevil is excused from exhausting his administrative remedies, and Respondents' Objection is overruled to the extent it argues that Brevil should not be excused.

---

[3] Because Brevil has demonstrated that an administrative appeal or bond redetermination hearing would be futile, the Court declines to address whether Brevil's claims are procedural in nature or whether the BIA would ultimately lack jurisdiction to review those claims. The Court notes, however, that the BIA has indicated that due process challenges similar to the one raised by Brevil are not reviewable on appeal. See In re Evardo G. Campbell, 2008 WL 5181772, at *1 n.1 (BIA 2008).

Due Process Claim

In his supplemental brief, Brevil argues that his continued detention pursuant to 8 U.S.C. § 1226(a) without an individualized bond hearing at which the Government bears the burden of proof violates his constitutional due process rights. As Respondents correctly note, Brevil received an individualized bond determination at the November and December 2015 bond hearings, at which the burden of demonstrating that he was neither a flight risk nor a danger to the community was allocated to Brevil, and Brevil is permitted to request a redetermination of that decision upon a showing of materially changed circumstances. See 8 C.F.R. § 1003.19(e). Brevil contends, however, that the opportunity to seek a hearing based on changed circumstances is insufficient to protect his constitutional right to due process because due process requires that the Government carry the burden of proving that detention is warranted.

Neither Lora, which purported to interpret 8 U.S.C. § 1226(c) only and has been vacated, nor Jennings, speaks to this question as a constitutional matter. Lower courts have, however, observed that the Supreme Court has consistently placed the burden of proof on the Government to justify continued civil detention by clear and convincing evidence in light of the substantial liberty interest at stake where, as here, an alien faces the prospect of prolonged detention. See Sajous v. Decker, 2018 WL 2357266, at *12 (S.D.N.Y. May 23, 2018) (citing cases); see also Hernandez v. Decker, 2018 WL 3579108, at *11 (S.D.N.Y. July 25, 2018); Singh v. Holder, 638 F.3d 1196, 1203-04 (9th Cir. 2011) ("The Supreme Court has repeatedly reaffirmed the principle that 'due process places a heightened burden of proof on the State in civil proceedings in which the individual interests at stake . . . are both particularly important and more substantial than mere loss of money.'")

In its supplemental briefing, Respondents offer no argument regarding which party should bear the burden of proof, nor as to what standard of proof should apply. The Court has reviewed and is persuaded by recent decisions within and outside of this district which hold that "due process requires that the Government demonstrate dangerousness or risk of flight by a clear and convincing standard at [an immigration detainee's] bond hearing." Hernandez, 2018 WL 3579108, at *11; see also Sajous, 2018 WL 2357266 at *12 (same); Singh, 638 F.3d at 1205 (same); but see Pensamiento v. McDonald, 315 F. Supp. 3d 684, 692 (D. Mass. 2018) (holding that "the Constitution requires placing the burden of proof on the government in § 1226(a) custody redetermination hearings," but requiring the government to prove only that the alien is neither dangerous nor a flight risk "to the satisfaction of the immigration judge"). Civil detention implicates fundamental and significant liberty interests that are afforded the highest protection under the Due Process Clause. See Foucha v. Louisiana, 504 U.S. 71, 80 (1992) ("Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause from arbitrary governmental action."). Because of the "importance and fundamental nature of the individual's right to liberty," id. (internal quotations omitted), the Supreme Court has customarily placed the burden on the Government to justify detention by clear and convincing evidence. See Sajous, 2018 WL 2357266, at *12 (citing cases); Singh, 638 F.3d at 1205 (citing cases). This is particularly true where, as here, an individual faces the potential for extended detention, making the effect of an initial bail determination so significant that a mere preponderance of the evidence standard would be insufficient to safeguard the individual's liberty interests. See Hernandez, 2018 WL 3579108, at *11 (observing that the country has seen a dramatic increase in the average length of detention); Jennings, 138 S. Ct. at 869 (Breyer J., dissenting) (stating that detention now normally lasts twice as long as it did in

2003, when the Court decided Demore v. Kim, 538 U.S. 510 (2003)). These observations have been borne out in Brevil's case, where over thirty-seven months have passed since Brevil was first detained, and thirty-four months have passed since Brevil's initial bond hearing. Accordingly, the Court finds that the burden of proof should have been allocated to the Government, not Brevil, and that the allocation of the burden to Brevil violated Brevil's right to due process.[4]

Having found a constitutional error, the Court next examines whether the error was prejudicial to Brevil. Singh, 638 F.3d at 1205; see also Garcia-Villeda v. Mukasey, 531 F.3d 141, 149 (2d Cir. 2008) ("Parties claiming denial of due process in immigration cases must, in order to prevail, allege some cognizable prejudice fairly attributable to the challenged process.") (internal quotations omitted). At Brevil's initial bond hearing, Respondents primarily proffered evidence of Brevil's unlawful status and three prior arrests, arguing that Brevil presented both a flight risk and a danger to the community. The first of these arrests occurred in 2012 and resulted in a felony sexual misconduct conviction for which Brevil was sentenced to 6 years' probation and required to register as a sex offender. (Docket entry no. 53-1, November 2015 Hr'g Tr. at 13-16; docket entry no. 20-1, December 2015 Hr'g Tr. 8-10; see also docket entry no. 7-1, Criminal Rap Sheet at 4.) The second arrest, in April 2015, was for a misdemeanor sexual misconduct offense which was adjourned in contemplation of dismissal, and the third arrest, in August 2015 for misdemeanor assault, was still pending at the time of Brevil's

---

[4] Because the parties due process arguments regarding Brevil's first hearing are focused on the allocation of the burden of proof to Brevil, rather than on the level of proof that was required, the Court does not decide what standard of proof should apply, as a constitutional matter, where the Government has the burden of proof at an initial bond hearing held shortly after an immigration detainee was first taken into custody pursuant to 8 U.S.C. § 1226(a).

initial bond hearing.  (November 2015 Hr'g Tr. at 17-21; December 2015 Hr'g Tr. 10-15; see also Criminal Rap Sheet at 2-3.)  In his ruling denying Brevil's bail application, the immigration judge repeatedly noted Brevil's failure to provide additional information related to his arrests, and ultimately concluded that Brevil had not produced evidence sufficient to prove by clear and convincing evidence that he was neither a flight risk nor a danger to the community.  (December 2015 Hr'g Tr. at 27-30.)  Citing Maldonado-Velasquez v. Moniz, 274 F. Supp. 3d 11, 14 (D. Mass. 2017), Respondents argue that, had the burden instead been placed on the Government, evidence of Brevil's prior arrests would have been sufficient to sustain the Government's burden, and that there is no reasonable basis to believe that the immigration judge's conclusion regarding dangerousness would have been altered by shifting the burden of proof to the Government.  However, unlike the alien in Maldonazo-Velasquez, who was arrested on four occasions over a two-year period, was linked to a gang, and faced criminal charges for, among other things, carrying a dangerous weapon on school grounds, possession of a controlled substance, and assault with a dangerous weapon, two of Brevil's three arrests were for misdemeanor offenses, and one of the charges was adjourned in contemplation of dismissal.

Although Brevil's single felony conviction was a serious one and required Brevil to register as a sex offender, the record shows that it did not result in a custodial sentence but rather a term of probation.  Thus, on the basis of the current record, the Court cannot discern whether, had the Government had borne the burden of proof (either by a preponderance of the evidence or the higher clear and convincing evidence standard), the immigration judge would have found that the Government had met its burden to demonstrate Brevil's dangerousness or risk of flight.  Accordingly, the Court finds that Brevil was prejudiced by the incorrect allocation of the burden of proof at his initial bond hearing.  Brevil's Petition for a writ of habeas corpus is

granted to the extent that the Court finds that Brevil is entitled to a new individualized bond hearing at which the Government bears the burden of proving by clear and convincing evidence that Brevil poses a risk of flight or a danger to the community.  The heightened standard of proof is required in light of the length of Brevil's detention thus far and the potential for further detention if further litigation of his removal order is required.

CONCLUSION

      For the foregoing reasons, Brevil's Petition is granted to the extent that the Court finds that Brevil is entitled to a new individualized bond hearing at which the Government bears the burden of proving by clear and convincing evidence that Brevil poses a risk of flight or a danger to the community.  Respondents are directed to provide Brevil with such a bond hearing within 14 days of date of entry of this Memorandum Opinion and Order.  The Petition is denied in all other respects.

      The Courts adopts the factual recitation set forth in the Report, and adopts the Report's conclusion that Brevil is excused from exhausting his administrative remedies.  The Court declines to adopt the Report in all other respects.  Respondents' Objection is overruled.  This Memorandum Opinion and Order resolves docket entry no. 1.  The Clerk of Court is respectfully directed to enter judgment accordingly, and close this case.

Dated: New York, New York
      November 14, 2018

                                      /s/ Laura Taylor Swain
                                      LAURA TAYLOR SWAIN
                                      United States District Judge